IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| William Frazee, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:19-cv-2080 |
| Premiere Credit of North America, LLC, an Indiana limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, William Frazee, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letters violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, William Frazee ("Frazee"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts, which were allegedly owed for medical services.

4. Defendant, Premiere Credit of North America, LLC ("Premiere"), is an Indiana limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Premiere operates a defaulted debt collection business and attempts to collect debts from consumers in the State of Indiana. In fact, Defendant Premiere was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Premiere is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Premiere conducts business in Indiana.

6. Defendant Premiere is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Mr. Frazee fell behind on paying his bills, including debts he allegedly owed for medical services to Emergency Physicians of Columbus. Sometime after those debts went into default, they were placed with Defendant for collection, who began trying to collect upon them by sending Mr. Frazee two form collection letters, which were both dated October 8, 2018, and were attempting to collect the same three debts. One of these letters stated:

* * *

> Amounts listed are current as of 10/08/2018. Amounts may increase or decrease due to changes in fees as well as application of payments and/or adjustments. Please call (888) 403-1637 for a payoff amount.

* * *

A copy of this collection letter is attached as Exhibit C.

8.     The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account.  To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

9.     Moreover, Defendant's other letter, also dated October 8, 2018, did not include the statement that "Amounts may increase or decrease due to changes in fees". A copy of this letter is attached as Exhibit D.  This would leave a consumer confused as to which statement is true.  Will the amount increase or decrease due to changes in fees or not?

10.    Additionally, one of the letters stated that Plaintiff was "previously notified of account placed with" Defendant, and that additional accounts, as detailed on the reverse side of the letter, had been placed with Defendant (Exhibit D), but the three accounts listed in both letters are the same (Exhibits C and D).  Moreover, Defendant's letter seeks to collect $414.43 in collection costs (Exhibits C and D), or 33% of the principal balance, which appears to be excessive and may not be allowed under the contract creating the debts.

11.    Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012), and Boucher, 880 F.3d at 368.  Here, Defendant's actions would cause

a consumer to be confused as to whether he was subject to additional interest/charges, when he was not, in fact, subject to them, and exactly which debts Defendant was seeking to collect.  This would directly impact his decision on whether to pay off the debts, dispute the debst, or make some other arrangement regarding the debts, and would certainly be a factor in such a decision.

12.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

16.     Defendant, by sending two conflicting collection letters, in which one stated "Amounts may increase or decrease due to changes in fees as well as application of payments and/or adjustments", and then also sending a letter that same day in which it did not mention an increase or decrease in amounts due to changes in fees, made false, deceptive or misleading statements in at least one of the letters.

Moreover, Defendant's statement, that one of the letters listed additional accounts which had not been included in a previous letter, when, in fact, both letters listed the same three accounts, was also false, deceptive and misleading. Thus, Defendant's form collection letters violated § 1692e of the FDCPA.

17. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendant, by sending two collection letters, in which one stated "Amounts may increase or decrease due to changes in fees as well as application of payments and/or adjustments", and then also sending a letter that same day in which it did not mention an increase or decrease in amounts due to changes in fees, and also by stating, in one of the letters that additional accounts were listed which had not been included in a previous letter, when, in fact, both letters listed the same three accounts, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiff, William Frazee, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect defaulted consumer debts, allegedly owed for medical services, via the same form collection letters (Exhibits C and D), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

23. Defendant regularly engages in debt collection, using the same form collection letters it sent Plaintiff Frazee, in its attempts to collect defaulted consumer debts from other consumers.

24. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letters they sent Plaintiff Frazee.

25. Plaintiff Frazee's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27. Plaintiff Frazee will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Frazee has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, William Frazee, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Frazee as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Frazee and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, William Frazee, individually and on behalf of all others similarly situated,

demands trial by jury.

          William Frazee, individually and on behalf of all others similarly situated,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: May 24, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com